**REFRACTOLITE CORPORATION et al. v. PRISMO HOLDING CORPORATION et al.**

**No. 181.**

Circuit Court of Appeals, Second Circuit.

Feb. 24, 1941.

See, also,· 25 F.Supp. 965.

John F. Ryan, Kenneth H. Guild and S. A. Demma, all of New York City, for defendants-appellants.

Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

L. HAND, Circuit Judge.

This is an appeal from a judgment in an action brought by the plaintiffs to declare invalid Patent No. 1,902,440, issued to Edwin R. Gill, Jr., on March 21, 1933. The defendants, who were the owners of the patent, counterclaimed, first, by asking that Patent No. 2,043,414, issued on June 9, 1936, to Fred H. Korff and owned by the plaintiffs be declared invalid; and, second, that the plaintiffs be enjoined from infringing the Gill patent. The judge held both patents invalid and entered judgment in favor of the plaintiffs upon their complaint, and in favor of the defendants upon the counterclaim, so far as it prayed a declaration that the plaintiffs' patent was invalid, but against them so far as they prayed an injunction upon the Gill patent. Only the defendants appealed and the single question before us is as to the validity of the Gill patent, which the plaintiffs plainly infringe.

The patent is for a road sign designed to reflect the headlights of an approaching motorcar. The patent is for a flat sign upon the surface of which a layer of enamel is spread capable of reflecting the beams of the headlights. In this enamel are embedded, up to about one-half their depth, very small glass spheres—less than one thirty-second of an inch in diameter. (The specifications provided that "cubes or other regularly shaped geometrical devices" like cylinders might be substituted, but in practice spheres alone appear to have been used.) Since a sphere is perfectly symmetrical, a beam of light entering it from any angle will be refracted to the same extent; it will also be refracted through an equal angle upon emerging. It is possible to make the beam return in exact parallel with the entering beam by setting a mirror outside the refracting sphere at the proper distance away—called the

focal distance which is a fraction of the diameter of the sphere. If the mirror were concave, hemispherical and set at the focal distance off, the result would be that every beam would pass through it to the mirror, back from the mirror to the sphere through which it would pass and it would finally emerge exactly parallel to its direction when entering. A flat mirror will do this only for beams that fall upon the sphere at right angles to the mirror; all other beams will be returned in a different direction from that of their incidence; which means that the sign will reflect its fullest brilliancy to the car only when the car is dead ahead.

Gill did not make a sign which conformed absolutely to these optical demands; it was impracticable to set hemispherical concave mirrors at the focal distance away from the glass spheres, because the mirrors could only be the cups made in the enamel by pressing the spheres into it while it was plastic. It was inevitable in such a construction that the mirrors should be inside the focal distance and a perfectly parallel return of the beam ·as impossible. Gill met this difficulty by reducing the size of the spheres which in turn reduced the distance by which the mirrors were out of focus and resulted in minimizing the angle between the entering and emerging beams. In practice the defendants have used spheres of much less than one thirty-second of an inch and have achieved admirable results. The question is whether this invention was anticipated.

As far back as 1911—over twenty-one years before Gill filed his application—one, Venner, took out a British patent (No. 11,538 of that year) which attempted to make use of the well-understood laws of optics in a reflecting road sign. He too used spheres—which, though he described them as "translucent," may be taken as the equivalent of Gill's—and he set them side by side like Gill, but not in concave hemispherical cups. On the contrary he put them in "channels" or "grooves," and as a result each sphere was in contact with its mirror only along the semi-circumference of a circle. Thus, although any beam which chanced to fall so as to be reflected at that line of contact was returned as in Gill's disclosure, no others could be, and the light was necessarily diffused, only a very small part being returned directly. The only other similar attempt appeared sixteen years after Venner and was also

a British patent (Gomez, No. 288,807 of 1927). Gomez understood that the mirror should be at the proper focal distance, and he placed a small flat mirror in a recess behind each sphere at the right place. A beam of light perpendicular to the face of the mirror—i. e. from dead ahead— would therefore be returned in perfect parallel; and for such beams his disclosure was better than Gill's; but no other beam would be so returned, and the divergence from parallel would depend upon the angle of incidence. Gomez particularly repudiated concave reflecting mirrors close to the spheres because they could not be put at the proper focal point. These two patents are the only relevant prior art in reflecting signs, and the examiner had both before him as references. (We disregard the patent to Mrazek—No. 949,155—as too far afield to deserve discussion.) The nearest approach to road signs in the record is beaded motion picture screens, and of these the closest is again a British patent (Lazarus, No. 28,-838 of 1911). Lazarus disclosed a screen made of a reflecting surface upon which "beads, globules or pellets of glass" were sprinkled and held by a binding medium, but the purpose of such screens is just the opposite of Gill's sign. They·are not to return the light to its source, but to diffuse it so that the picture may be seen by all the audience; it would altogether defeat that purpose to have the light return to the projector.

Thus the situation is that once—twenty-one years before—and again—five years before—an inventor tried his hand at "reflex-reflecting" road signs and in each case failed to return a maximum of emitted light, regardless of the angle of incidence upon the screen. It seems to us that this should be enough, especially considering the fact that the need had existed over the whole period and that Gill's invention has met with substantial success. Nothing is easier in patent litigation than to confuse a trifling physical change with the ingenuity demanded for its discovery; and this we think is an instance. Road signs to be useful have to be cheap; signs such as Gomez's cost too much for general use, even if they worked at all angles of approach, which they do· not. Venner's disclosure was apparently still-born. With such a history behind him it appears to us that Gill was entitled to rank as an inventor. Yale Hook & Eye

Co. v. Waldes Koh-I-Noor Inc., 2 Cir., 68 F.2d 908, 909; International Cellucotton Products Co. v. Sterilek Co., 2 Cir., 94 F.2d 10, 13. The defendants may take a decree upon all the claims in suit but claim 3, which has not been infringed.

Judgment reversed.